1   PETER H. MASON (State Bar No. 71839)
    JOSHUA D. LICHTMAN (State Bar No. 176143)
2   ROBERT S. RAY (State Bar No. 259493)
    **FULBRIGHT & JAWORSKI L.L.P.**
3   555 South Flower Street, Forty-First Floor
    Los Angeles, California  90071
4   Telephone:   (213) 892-9200
    Facsimile:   (213) 892-9494
5   Email:       pmason@fulbright.com
                 jlichtman@fulbright.com
6                rray@fulbright.com

7
    Attorneys for Defendants FARMERS INSURANCE EXCHANGE, and MID-
8   CENTURY INSURANCE COMPANY

9
    DAVID C. PARISI, Esq. (162248)
10  SUZANNE HAVENS BECKMAN, Esq. (188814)
    **PARISI & HAVENS LLP**
11  15233 Valleyheart Drive
    Sherman Oaks, California  91403
12  Telephone:   (818) 990-1299
    Facsimile:   (818) 501-7852
13  dcparisi@parisihavens.com
    shavens@parisihavens.com
14
    GLENN T. ROSEN, Esq. (156151)
15  **LOEWENTHAL, HILLSHAFER & ROSEN LLP**
    15260 Ventura Boulevard, Suite 1400
16  Sherman Oaks, California  91403
    Telephone:   (818) 905-6283
17  Facsimile:   (818) 905-6372
    gtrosen@lhrlaw.net
18
    MICHAEL L. COHEN, Esq. (206253)
19  HEATHER M. MCKEON, Esq. (186414)
    **COHEN & MCKEON, LLP**
20  1910 West Sunset Boulevard, Suite 440
    Los Angeles, California  90026
21  Telephone:   (213) 413-6400 (phone)
    Facsimile:   (213) 403-6405(facsimile)
22  cohen@cohenmckeon.com
    mckeon@cohenmckeon.com
23
    Attorneys for plaintiff MAYER SCHMUKLER, on
24  behalf of himself, the general public and all others
    similarly situated
25

26

27

28

1   IN THE UNITED STATES DISTRICT COURT

2   FOR THE CENTRAL DISTRICT OF CALIFORNIA

3

4   MAYER SCHMUKLER, an
    individual, on behalf of himself, the
5   general public and all others similarly
    situated,

6
                                Plaintiff,
7
              v.
8
    FARMERS GROUP, INC., a Nevada
9   Corporation; FARMERS
    INSURANCE EXCHANGE, a
10  California reciprocal insurer and
    exchange of the Farmers Insurance
11  Group of Companies; MID-
    CENTURY INSURANCE
12  COMPANY, a California Corporation
    and DOES 1-100, inclusive,
13
                                Defendants.
14  _____

    )   Case No. CV 11-09617-SVW (PLAx)
    )
    )
    )   **AMENDED PROTECTIVE ORDER**
    )
    )
    )
    )
    )
    )
    )
    )
    )
    )
    )
    )
    )
    )
    )
    )
    )

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

85464906.1

1   **[PROPOSED] STIPULATED PROTECTIVE ORDER**

2           Pursuant to the Court's February 13, 2012 Memorandum and Order re

3   Parties' Proposed Stipulated Protective Order (Dkt. #29), the parties hereby submit

4   their Amended Proposed Stipulated Protective Order, which has been modified to

5   address the Court's concerns set forth in the February 13, 2012 Order.

6           Upon the stipulation of the parties for entry of the following Protective Order

7   pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to prevent disclosure

8   of confidential information, the Court enters the following order:

9           **1.     Statement of Good Cause**.    Federal Rule of Civil Procedure

10  26(c)(1)(G) permits the grant of a protective order upon a showing of good cause,

11  and provides that the protection of a trade secret or other confidential research,

12  development, or commercial information is a proper basis for the issuance of a

13  protective order.  The parties have conferred and stipulate to the following:

14          This case involves a dispute between plaintiff Mayer Schmukler ("Plaintiff"),

15  on behalf of himself, the general public and all others similarly situated, on the one

16  hand, and defendants Farmers Insurance Exchange and Mid-Century Insurance

17  Company ("Defendants"), on the other (collectively, the "Parties" or "parties").

18  Defendants anticipate that disclosure and discovery activity in this action are likely

19  to involve production of confidential, proprietary, or private information relating to

20  the Defendants' business activities and/or electronic systems, and of confidential

21  financial or other sensitive information of third party policyholders of some of the

22  Defendants.   For example, Plaintiff has specifically requested, and Defendants

23  intend to produce, the claim files generated in connection with Plaintiff's claim for

24  homeowners' insurance benefits.  The claim file contains private information, such

25  as Plaintiff's home address, social security number, and home mortgage loan

26  number, that is shielded from disclosure pursuant to Local Rule 79-5.4 and pursuant

27  to California Ins. Code § 791.13, the Gramm Leach Bliley Act (15 U.S.C. §§ 6801-

28  6809), and the United States and the California Constitutions.  *See also Meade*

*Reinsurance Co. v. Superior Court*, 188 Cal. App. 3d 313, 321-22 (1986). Similarly, it is anticipated that Plaintiff may subsequently request production of documents  relating to claims for insurance benefits submitted by certain third parties and/or certain putative class members.  While Defendants do not concede such materials are otherwise discoverable, and this Protective Order does not constitute a finding in that regard, those materials would contain similar personal identification and financial information and would be shielded from  disclosure pursuant to the same statutes and authorities listed above.

Further, Plaintiff has requested, and Defendants intend to produce, certain financial data regarding the number of flooring damage claims handled by Defendants and the amount of estimated repair costs for the losses.  Defendants further anticipate they will be requested to produce claims representative training manuals,  instructional materials, and/or documents or other materials regarding the structure and financial impact of the flooring program that is at issue in this case, including the amount of benefits paid with respect to flooring claims.  To the extent such materials exist and are otherwise discoverable, they would contain information which Defendants maintain is proprietary by virtue of the fact that it is not known to others in the industry.   Defendants assert that public disclosure of this type of information would likely cause significant harm to the Defendants' competitive position in the marketplace, or to the security of third party policyholders' confidential financial or other sensitive information.  *See* Cal. Civil Code § 3426.1(d); *see also Hoffman v. Superior Court*, 172 Cal. App. 3d 357, 362 (1985) ("a limited protection is given to sensitive information which people may wish to keep confidential, such as their financial dealings and assets").  As discovery has barely commenced, this is generally an illustrative, not exhaustive, list of the types of confidential material that may be the subject of discovery.  Accordingly, the Parties submit there is good cause for entering a protective order.

Therefore, the Parties hereby stipulate and petition the Court to enter the following Stipulated Protective Order (the "Protective Order"). The Parties acknowledge that this Protective Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under applicable legal principles to confidential treatment. The Parties further acknowledge that this Protective Order does not create an entitlement to file confidential information under seal. The procedures that must be followed when a party seeks permission from the Court to file material under seal are set forth in Paragraph 10 of this Protective Order and in Local Rule 79-5.

**2.** **Nondisclosure of Protected Information**. Documents, tangible items, discovery responses, deposition testimony, or other material or media containing confidential information disclosed or produced by any party in this litigation are referred to as "Protected Information." Except as otherwise indicated below, all documents, tangible items, discovery responses, deposition testimony or other information designated by the producing party as "Confidential" and which are disclosed or produced to the attorneys for other parties to this litigation are Protected Information and are entitled to confidential treatment as described below.

**3.** **Marking of Protected Information**.

Any designation of Protected Information made in accordance with this Protective Order also shall apply to all documents that reproduce, paraphrase, summarize or otherwise contain information from the documents, materials, testimony, and information so designated. Documents, materials, testimony, and information shall be designated by marking the document or other material with a stamp stating "CONFIDENTIAL." If the Protected Information is produced in an electronic or native form and it is impractical to mark the document or other material containing the Protected Information with a stamp stating

1   "CONFIDENTIAL", the designating party shall label the electronic file

2   "CONFIDENTIAL" and provide a Bates stamp number for the electronic file.

3       **4.**   **Published Documents**.  Protected Information shall not include

4   materials that have been published to the public.

5       **5.**   **Declassification**.  If there is a dispute regarding a party's designation

6   of Protected Information, the parties shall comply with the procedure set forth in

7   Local Rule 37.  If the parties want to file the Local Rule 37 Joint Stipulation under

8   seal, they may file a stipulation to that effect, or the party contending that the

9   subject material is properly designated as "CONFIDENTIAL" may file an ex parte

10  application making the appropriate request (in either event, the stipulation or ex

11  parte application must set forth good cause as to why the Joint Stipulation or

12  portions thereof should be filed under seal).  In resolving any such dispute, the

13  party who designated the material as Protected Information will bear the burden of

14  proof that such designation should not be removed.

15      **6.**   **Additional Orders**.  This Order shall not abrogate the right of any

16  party or other entity to refuse to produce Protected Information, or to redact certain

17  portions thereof, upon proper grounds, including without limitation, on the basis of

18  any applicable privilege or statute.  Furthermore, any party may also seek further

19  protective orders as they may deem appropriate to safeguard Protected Information.

20      **7.**   **Use of Protected Information**.  Protected Information shall not be

21  used or shown, disseminated, copied, or in any way communicated to anyone for

22  any purpose whatsoever, except as provided in Paragraph 8 below.  Protected

23  Information shall be used solely for the purpose of preparation and trial of this

24  litigation, and for no other purpose.  This prohibition does not prevent a party or

25  entity from using or disclosing information obtained independently of a Responding

26  Entity and does not prevent any party from disclosing any of its own Protected

27  Information to its counsel of record, employees of such counsel, to its experts,

28  consultants and investigators or to the Qualified Persons designated below.

**8.**   <u>**Permissible Disclosure of Protected Information**</u>.   All Protected Information shall be maintained in confidence and shall not be disclosed, directly or indirectly, to any person or entity, except as provided in this Protective Order. Access to and/or disclosure of information designated as "CONFIDENTIAL" shall be limited to the following individuals ("Qualified Persons"):

(a)   The parties (or, when the party is not a natural person, their employees or representatives) and counsel of record in this action for the party or parties receiving the Protected Information;

(b)   Employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action;

(c)   Witnesses, including expert witnesses (and their staff), and consultants or investigators, who have agreed in writing (in the form attached as Exhibit A) to be bound by this Order, and their counsel, if any, provided such counsel also has agreed in writing (in the form attached as Exhibit A) to be bound by this Order. Those individuals' written agreements shall be retained by counsel for the non-designating party and furnished to counsel for the designating party when the witness is disclosed in the litigation;

(d)   Court reporter(s) employed in this action; and

(e)   The Court, including its employees and the jury.

No provision in this section shall be construed as limiting the subpoena power of another court in a separate action.   If a party receives a subpoena requesting documents or materials designated as Protected Information under this Protective Order, the party in receipt of the subpoena shall promptly notify the designating party so that the designating party may have an opportunity to seek a protective order.

**9.**   <u>**Copies**</u>.   The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.   No person shall

make copies, extracts or summaries of Protected Information, except under the supervision of counsel when, in the judgment of counsel, such copies or other papers are necessary for the litigation of this action.  Counsel and other persons to whom the Protected Information is disclosed pursuant to Paragraph 8 of this Order shall take all reasonable and appropriate precautions to avoid loss or inadvertent disclosure of such Protected Information.

**10.   Requirements to File Under Seal; Filing with the Court**.   If Protected Information is included in any papers to be filed in court, such papers shall be accompanied by an application to file the papers (or the confidential portion thereof) under seal, directed to the Judge to whom the papers are directed. The application must show good cause for the under seal filing.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.  The parties shall otherwise comply fully with Local Rule 79-5.1.

**11.   Depositions**.   To the extent that Protected Information is used at depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the testimony referring to the Protected Information.  Testimony is Protected Information under the terms of this Order only if counsel for a party advises the court reporter and opposing counsel of such designation at the deposition, or by written designation to all parties and the court reporter within fourteen (14) days after receiving the transcript of such deposition or hearing of the specific pages and lines of the transcript (or numbered exhibits) that should be treated as Protected Information thereafter.  If the designation is made in writing after the deposition or hearing, each party shall attach a copy of such written notice to the face of the transcript and each copy thereof in his, her or its possession, custody or control.

To the extent possible, the court reporter shall identify in the transcript the designation of Protected Information.

Disclosure of Protected Information to a witness during a deposition shall not constitute waiver of the designation of such information as Confidential for all other purposes provided herein.  Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party may be designated by any party as "Confidential" information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.

**12.   Transcripts**.   Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Protected Information designated as such under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

**13.   Use of Protected Information at Trial**.   All Protected Information presumptively becomes public and available to all members of the public, including the press, when introduced into evidence at trial, unless good cause is shown to the District Judge in advance of the trial to proceed otherwise.

**14.   Inadvertent Production**.   The inadvertent failure to designate Protected Information properly (or at all) in accordance with this Protective Order prior to or at the time of disclosure shall not operate as a waiver of a party's right to thereafter designate such information as confidential within thirty (30) days after such disclosure.

Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product doctrine or any other applicable privilege or protection from disclosure shall not constitute a waiver of, nor prejudice to, any claim that such or related material is privileged or protected by the work product doctrine or any other applicable privilege or protection from

1  disclosure, provided that the producing party notifies the receiving party in writing

2  promptly after discovery of such inadvertent production.   Such inadvertently

3  produced documents or information, including all copies thereof, shall be returned

4  to the producing party immediately upon request.   No use shall be made of such

5  documents or information during deposition or at trial, nor shall such documents or

6  information be shown to anyone who has not already been given access to them

7  subsequent to the request that they be returned.

8     **15.**   **Prohibition Against Dissemination**.   The party or parties receiving

9  Protected Information shall not under any circumstances share, sell, offer for sale,

10  provide for free or otherwise disseminate, advertise, or publicize Protected

11  Information.   This prohibition does not prevent a party from using or disclosing

12  documents or information obtained independently of a responding party.

13     **16.**   **Disposition of Protected Information Upon Termination of**

14  **Litigation**.  After termination of this litigation, including the exhaustion of appeals,

15  the provisions of this Order shall continue to be binding, except with respect to

16  those documents and information that become a matter of public record through no

17  violation of this Order or fault of any party or entity other than the producing party.

18  Within 90 days after the final conclusion of this litigation by settlement, judgment

19  without appeal, or issuance of a mandate by an appellate court, counsel of record

20  for each party shall, upon request, return to the applicable designating party or non-

21  party, or certify to them in writing that it has destroyed, all Protected Information

22  designated by such party or non-party during the course of this litigation, including

23  all copies of discovery and all excerpts or summaries thereof or any other materials

24  derived therefrom or referring thereto, except that each counsel of record may

25  maintain a single copy of all pleadings containing such information and except for

26  any documents properly classified as work product.

27     **17.**   **Binding Effect**.   Any party designating any person as a Qualified

28  Person shall have the duty to reasonably ensure that such person observes the terms

of this Protective Order.  This Order shall be binding upon persons executing Exhibit A hereto, the parties, and their respective attorneys, successors, representatives, administrators, heirs, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.


IT IS SO STIPULATED.


Dated:  February 24, 2012          DAVID C. PARISI
                                   **PARISI & HAVENS LLP**


                                   By  s/David C. Parisi
                                       DAVID C. PARISI

                                   Attorneys for Plaintiff Mayer Schmukler




Dated:  February 24, 2012          PETER H. MASON
                                   JOSHUA D. LICHTMAN
                                   ROBERT S. RAY
                                   **FULBRIGHT & JAWORSKI L.L.P.**


                                   By  s/Joshua D. Lichtman
                                       JOSHUA D. LICHTMAN

                                   Attorneys for Defendants Farmers Insurance
                                   Exchange, and Mid-Century Insurance Company


**IT IS SO ORDERED.**


DATED: February 28, 2012
                                   _____
                                   Hon. Paul L. Abrams
                                   United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

1  
2  
3  

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  

| | |
|---|---|
| MAYER SCHMUKLER, an individual, on behalf of himself, the general public and all others similarly situated, ) ) ) ) ) | Case No. CV 11-09617-SVW (PLAx) |
| Plaintiff, ) ) | **DECLARATION AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| v. ) | |
| FARMERS GROUP, INC., a Nevada Corporation; FARMERS INSURANCE EXCHANGE, a California reciprocal insurer and exchange of the Farmers Insurance Group of Companies; MID-CENTURY INSURANCE COMPANY, a California Corporation and DOES 1-100, inclusive, ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

15  

16  
17  

I, _____, acknowledge and declare

as follows:

18  
19  

1. My address is: _____

_____.

20  
21  
22  

2. I have received a copy of the Protective Order in this Action; I have

carefully read and understand the provisions of the Protective Order; and I agree to

comply with, and to be bound by, its terms.

23  
24  
25  
26  

3. I will hold in confidence, not disclose to anyone not qualified under

the Protective Order, and will use only for purpose of this Action, materials that are

disclosed to me and marked or designated as "Confidential" or as Protected

Information as defined in the Protective Order.

27  
28  

4. I will immediately return all materials marked or designated as

DOCUMENT PREPARED ON RECYCLED PAPER

85464906.1

EXHIBIT A -- Page 10

1  "Confidential" or as Protected Information that may come into my possession, and
2  documents or things which I may prepare relating thereto to counsel for the party
3  producing such materials upon receipt of a request to do so at the conclusion of the
4  Action.

5      5.      I hereby irrevocably consent to the jurisdiction of the United States
6  District Court for the Central District of California for the purpose of any
7  proceeding to enforce or secure compliance with the terms of this Protective Order,
8  or to punish the breach of any of the terms of this Protective Order.  I understand
9  that I may be found in contempt of court if I violate this Agreement.

10     6.      I understand and agree that my obligations under this Certification and
11 Agreement and the Protective Order will survive and continue beyond the
12 termination of the Action.

14     I declare under penalty of perjury that the foregoing is true and correct.

17 Dated: _____

19 _____
   Signature

21 _____
   Printed Name