1  PETER H. MASON (State Bar No. 71839)
   JOSHUA D. LICHTMAN (State Bar No. 176143)
2  ROBERT S. RAY (State Bar No. 259493)
   **FULBRIGHT & JAWORSKI L.L.P.**
3  555 South Flower Street, Forty-First Floor
   Los Angeles, California  90071
4  Telephone:  (213) 892-9200
   Facsimile:   (213) 892-9494
5  Email:        pmason@fulbright.com
                 jlichtman@fulbright.com
6                rray@fulbright.com

7
   Attorneys for Defendants FARMERS INSURANCE EXCHANGE, and MID-
8  CENTURY INSURANCE COMPANY

9
   DAVID C. PARISI, Esq. (162248)
10 SUZANNE HAVENS BECKMAN, Esq. (188814)
   **PARISI & HAVENS LLP**
11 15233 Valleyheart Drive
   Sherman Oaks, California  91403
12 Telephone:  (818) 990-1299
   Facsimile:   (818) 501-7852
13 dcparisi@parisihavens.com
   shavens@parisihavens.com
14
   GLENN T. ROSEN, Esq. (156151)
15 **LOEWENTHAL, HILLSHAFER & ROSEN LLP**
   15260 Ventura Boulevard, Suite 1400
16 Sherman Oaks, California  91403
   Telephone:  (818) 905-6283
17 Facsimile:   (818) 905-6372
   gtrosen@lhrlaw.net
18
   MICHAEL L. COHEN, Esq. (206253)
19 HEATHER M. MCKEON, Esq. (186414)
   **COHEN & MCKEON, LLP**
20 1910 West Sunset Boulevard, Suite 440
   Los Angeles, California  90026
21 Telephone:  (213) 413-6400 (phone)
   Facsimile:   (213) 403-6405(facsimile)
22 cohen@cohenmckeon.com
   mckeon@cohenmckeon.com
23
   Attorneys for plaintiff MAYER SCHMUKLER, on
24 behalf of himself, the general public and all others
   similarly situated

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER     85464906.1

AMENDED [PROPOSED] PROTECTIVE ORDER

DOCUMENT PREPARED ON RECYCLED PAPER

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYER SCHMUKLER, an individual, on behalf of himself, the general public and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS GROUP, INC., a Nevada Corporation; FARMERS INSURANCE EXCHANGE, a California reciprocal insurer and exchange of the Farmers Insurance Group of Companies; MID-CENTURY INSURANCE COMPANY, a California Corporation and DOES 1-100, inclusive,<br><br>Defendants. | Case No. CV 11-09617-SVW (PLAx)<br><br>**AMENDED PROTECTIVE ORDER** |

85464906.1

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Pursuant to the Court's February 13, 2012 Memorandum and Order re Parties' Proposed Stipulated Protective Order (Dkt. #29), the parties hereby submit their Amended Proposed Stipulated Protective Order, which has been modified to address the Court's concerns set forth in the February 13, 2012 Order.

Upon the stipulation of the parties for entry of the following Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to prevent disclosure of confidential information, the Court enters the following order:

**1.   Statement of Good Cause**.   Federal Rule of Civil Procedure 26(c)(1)(G) permits the grant of a protective order upon a showing of good cause, and provides that the protection of a trade secret or other confidential research, development, or commercial information is a proper basis for the issuance of a protective order.  The parties have conferred and stipulate to the following:

This case involves a dispute between plaintiff Mayer Schmukler ("Plaintiff"), on behalf of himself, the general public and all others similarly situated, on the one hand, and defendants Farmers Insurance Exchange and Mid-Century Insurance Company ("Defendants"), on the other (collectively, the "Parties" or "parties"). Defendants anticipate that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information relating to the Defendants' business activities and/or electronic systems, and of confidential financial or other sensitive information of third party policyholders of some of the Defendants.  For example, Plaintiff has specifically requested, and Defendants intend to produce, the claim files generated in connection with Plaintiff's claim for homeowners' insurance benefits.  The claim file contains private information, such as Plaintiff's home address, social security number, and home mortgage loan number, that is shielded from disclosure pursuant to Local Rule 79-5.4 and pursuant to California Ins. Code § 791.13, the Gramm Leach Bliley Act (15 U.S.C. §§ 6801-6809), and the United States and the California Constitutions.  *See also Meade*

1  *Reinsurance Co. v. Superior Court*, 188 Cal. App. 3d 313, 321-22 (1986).
2  Similarly, it is anticipated that Plaintiff may subsequently request production of
3  documents relating to claims for insurance benefits submitted by certain third
4  parties and/or certain putative class members.  While Defendants do not concede
5  such materials are otherwise discoverable, and this Protective Order does not
6  constitute a finding in that regard, those materials would contain similar personal
7  identification and financial information and would be shielded from disclosure
8  pursuant to the same statutes and authorities listed above.

9  　　　Further, Plaintiff has requested, and Defendants intend to produce, certain
10  financial data regarding the number of flooring damage claims handled by
11  Defendants and the amount of estimated repair costs for the losses.  Defendants
12  further anticipate they will be requested to produce claims representative training
13  manuals, instructional materials, and/or documents or other materials regarding the
14  structure and financial impact of the flooring program that is at issue in this case,
15  including the amount of benefits paid with respect to flooring claims.  To the extent
16  such materials exist and are otherwise discoverable, they would contain information
17  which Defendants maintain is proprietary by virtue of the fact that it is not known
18  to others in the industry.  Defendants assert that public disclosure of this type of
19  information would likely cause significant harm to the Defendants' competitive
20  position in the marketplace, or to the security of third party policyholders'
21  confidential financial or other sensitive information.  *See* Cal. Civil Code
22  § 3426.1(d); *see also Hoffman v. Superior Court*, 172 Cal. App. 3d 357, 362 (1985)
23  ("a limited protection is given to sensitive information which people may wish to
24  keep confidential, such as their financial dealings and assets").  As discovery has
25  barely commenced, this is generally an illustrative, not exhaustive, list of the types
26  of confidential material that may be the subject of discovery.  Accordingly, the
27  Parties submit there is good cause for entering a protective order.
28

1  Therefore, the Parties hereby stipulate and petition the Court to enter the
2  following Stipulated Protective Order (the "Protective Order").  The Parties
3  acknowledge that this Protective Order does not confer blanket protection on all
4  disclosures or responses to discovery and that the protection it affords extends only
5  to the limited information or items that are entitled under applicable legal principles
6  to confidential treatment.  The Parties further acknowledge that this Protective
7  Order does not create an entitlement to file confidential information under seal.
8  The procedures that must be followed when a party seeks permission from the
9  Court to file material under seal are set forth in Paragraph 10 of this Protective
10 Order and in Local Rule 79-5.

11 **2.    Nondisclosure of Protected Information**.  Documents, tangible
12 items, discovery responses, deposition testimony, or other material or media
13 containing confidential information disclosed or produced by any party in this
14 litigation are referred to as "Protected Information."  Except as otherwise indicated
15 below, all documents, tangible items, discovery responses, deposition testimony or
16 other information designated by the producing party as "Confidential" and which
17 are disclosed or produced to the attorneys for other parties to this litigation are
18 Protected Information and are entitled to confidential treatment as described below.

19 **3.    Marking of Protected Information**.

20 Any designation of Protected Information made in accordance with this
21 Protective Order also shall apply to all documents that reproduce, paraphrase,
22 summarize or otherwise contain information from the documents, materials,
23 testimony, and information so designated.  Documents, materials, testimony, and
24 information shall be designated by marking the document or other material with a
25 stamp stating "CONFIDENTIAL."  If the Protected Information is produced in an
26 electronic or native form and it is impractical to mark the document or other
27 material containing the Protected Information with a stamp stating

1  "CONFIDENTIAL", the designating party shall label the electronic file
2  "CONFIDENTIAL" and provide a Bates stamp number for the electronic file.

3      **4.**    **Published Documents**.  Protected Information shall not include
4  materials that have been published to the public.

5      **5.**    **Declassification**.  If there is a dispute regarding a party's designation
6  of Protected Information, the parties shall comply with the procedure set forth in
7  Local Rule 37.  If the parties want to file the Local Rule 37 Joint Stipulation under
8  seal, they may file a stipulation to that effect, or the party contending that the
9  subject material is properly designated as "CONFIDENTIAL" may file an ex parte
10 application making the appropriate request (in either event, the stipulation or ex
11 parte application must set forth good cause as to why the Joint Stipulation or
12 portions thereof should be filed under seal).  In resolving any such dispute, the
13 party who designated the material as Protected Information will bear the burden of
14 proof that such designation should not be removed.

15     **6.**    **Additional Orders**.  This Order shall not abrogate the right of any
16 party or other entity to refuse to produce Protected Information, or to redact certain
17 portions thereof, upon proper grounds, including without limitation, on the basis of
18 any applicable privilege or statute.  Furthermore, any party may also seek further
19 protective orders as they may deem appropriate to safeguard Protected Information.

20     **7.**    **Use of Protected Information**.  Protected Information shall not be
21 used or shown, disseminated, copied, or in any way communicated to anyone for
22 any purpose whatsoever, except as provided in Paragraph 8 below.  Protected
23 Information shall be used solely for the purpose of preparation and trial of this
24 litigation, and for no other purpose.  This prohibition does not prevent a party or
25 entity from using or disclosing information obtained independently of a Responding
26 Entity and does not prevent any party from disclosing any of its own Protected
27 Information to its counsel of record, employees of such counsel, to its experts,
28 consultants and investigators or to the Qualified Persons designated below.

**8.     Permissible Disclosure of Protected Information**.  All Protected Information shall be maintained in confidence and shall not be disclosed, directly or indirectly, to any person or entity, except as provided in this Protective Order. Access to and/or disclosure of information designated as "CONFIDENTIAL" shall be limited to the following individuals ("Qualified Persons"):

(a)     The parties (or, when the party is not a natural person, their employees or representatives) and counsel of record in this action for the party or parties receiving the Protected Information;

(b)     Employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action;

(c)     Witnesses, including expert witnesses (and their staff), and consultants or investigators, who have agreed in writing (in the form attached as Exhibit A) to be bound by this Order, and their counsel, if any, provided such counsel also has agreed in writing (in the form attached as Exhibit A) to be bound by this Order. Those individuals' written agreements shall be retained by counsel for the non-designating party and furnished to counsel for the designating party when the witness is disclosed in the litigation;

(d)     Court reporter(s) employed in this action; and

(e)     The Court, including its employees and the jury.

No provision in this section shall be construed as limiting the subpoena power of another court in a separate action.  If a party receives a subpoena requesting documents or materials designated as Protected Information under this Protective Order, the party in receipt of the subpoena shall promptly notify the designating party so that the designating party may have an opportunity to seek a protective order.

**9.     Copies**.  The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.  No person shall

1  make copies, extracts or summaries of Protected Information, except under the
2  supervision of counsel when, in the judgment of counsel, such copies or other
3  papers are necessary for the litigation of this action.  Counsel and other persons to
4  whom the Protected Information is disclosed pursuant to Paragraph 8 of this Order
5  shall take all reasonable and appropriate precautions to avoid loss or inadvertent
6  disclosure of such Protected Information.

7  **10.  Requirements to File Under Seal; Filing with the Court**.  If
8  Protected Information is included in any papers to be filed in court, such papers
9  shall be accompanied by an application to file the papers (or the confidential
10 portion thereof) under seal, directed to the Judge to whom the papers are directed.
11 The application must show good cause for the under seal filing.  Pending the ruling
12 on the application, the papers or portions thereof subject to the sealing application
13 shall be lodged under seal.  The parties shall otherwise comply fully with Local
14 Rule 79-5.1.

15 **11.  Depositions**.  To the extent that Protected Information is used at
16 depositions, such documents or information shall remain subject to the provisions
17 of this Order, along with the transcript pages of the testimony referring to the
18 Protected Information.  Testimony is Protected Information under the terms of this
19 Order only if counsel for a party advises the court reporter and opposing counsel of
20 such designation at the deposition, or by written designation to all parties and the
21 court reporter within fourteen (14) days after receiving the transcript of such
22 deposition or hearing of the specific pages and lines of the transcript (or numbered
23 exhibits) that should be treated as Protected Information thereafter.  If the
24 designation is made in writing after the deposition or hearing, each party shall
25 attach a copy of such written notice to the face of the transcript and each copy
26 thereof in his, her or its possession, custody or control.

27 To the extent possible, the court reporter shall identify in the transcript the
28 designation of Protected Information.

Disclosure of Protected Information to a witness during a deposition shall not constitute waiver of the designation of such information as Confidential for all other purposes provided herein.  Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party may be designated by any party as "Confidential" information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.

**12.   Transcripts**.  Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Protected Information designated as such under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

**13.   Use of Protected Information at Trial**.  All Protected Information presumptively becomes public and available to all members of the public, including the press, when introduced into evidence at trial, unless good cause is shown to the District Judge in advance of the trial to proceed otherwise.

**14.   Inadvertent Production**.  The inadvertent failure to designate Protected Information properly (or at all) in accordance with this Protective Order prior to or at the time of disclosure shall not operate as a waiver of a party's right to thereafter designate such information as confidential within thirty (30) days after such disclosure.

Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product doctrine or any other applicable privilege or protection from disclosure shall not constitute a waiver of, nor prejudice to, any claim that such or related material is privileged or protected by the work product doctrine or any other applicable privilege or protection from

disclosure, provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production. Such inadvertently produced documents or information, including all copies thereof, shall be returned to the producing party immediately upon request. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned.

15. **Prohibition Against Dissemination**. The party or parties receiving Protected Information shall not under any circumstances share, sell, offer for sale, provide for free or otherwise disseminate, advertise, or publicize Protected Information. This prohibition does not prevent a party from using or disclosing documents or information obtained independently of a responding party.

16. **Disposition of Protected Information Upon Termination of Litigation**. After termination of this litigation, including the exhaustion of appeals, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record through no violation of this Order or fault of any party or entity other than the producing party. Within 90 days after the final conclusion of this litigation by settlement, judgment without appeal, or issuance of a mandate by an appellate court, counsel of record for each party shall, upon request, return to the applicable designating party or non-party, or certify to them in writing that it has destroyed, all Protected Information designated by such party or non-party during the course of this litigation, including all copies of discovery and all excerpts or summaries thereof or any other materials derived therefrom or referring thereto, except that each counsel of record may maintain a single copy of all pleadings containing such information and except for any documents properly classified as work product.

17. **Binding Effect**. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms

1  of this Protective Order.  This Order shall be binding upon persons executing
2  Exhibit A hereto, the parties, and their respective attorneys, successors,
3  representatives, administrators, heirs, assigns, subsidiaries, divisions, employees,
4  agents, independent contractors, or other persons or organizations over which they
5  have control.

7      IT IS SO STIPULATED.

9  Dated:  February 24, 2012    DAVID C. PARISI
    **PARISI & HAVENS LLP**

11      By  s/David C. Parisi
12          DAVID C. PARISI

13      Attorneys for Plaintiff Mayer Schmukler

16  Dated:  February 24, 2012    PETER H. MASON
    JOSHUA D. LICHTMAN
17      ROBERT S. RAY
    **FULBRIGHT & JAWORSKI L.L.P.**

19      By  s/Joshua D. Lichtman
20          JOSHUA D. LICHTMAN

21      Attorneys for Defendants Farmers Insurance
    Exchange, and Mid-Century Insurance Company

23  **IT IS SO ORDERED.**

25  DATED: February 28, 2012

    */s/ Paul L. Abrams*
26      Hon. Paul L. Abrams
    United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14  **EXHIBIT A**
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MAYER SCHMUKLER, an individual, on behalf of himself, the general public and all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>FARMERS GROUP, INC., a Nevada Corporation; FARMERS INSURANCE EXCHANGE, a California reciprocal insurer and exchange of the Farmers Insurance Group of Companies; MID-CENTURY INSURANCE COMPANY, a California Corporation and DOES 1-100, inclusive,<br><br>            Defendants. | Case No. CV 11-09617-SVW (PLAx)<br><br>**DECLARATION AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____, acknowledge and declare as follows:

1. My address is: _____.

2. I have received a copy of the Protective Order in this Action; I have carefully read and understand the provisions of the Protective Order; and I agree to comply with, and to be bound by, its terms.

3. I will hold in confidence, not disclose to anyone not qualified under the Protective Order, and will use only for purpose of this Action, materials that are disclosed to me and marked or designated as "Confidential" or as Protected Information as defined in the Protective Order.

4. I will immediately return all materials marked or designated as

1. "Confidential" or as Protected Information that may come into my possession, and documents or things which I may prepare relating thereto to counsel for the party producing such materials upon receipt of a request to do so at the conclusion of the Action.

5. I hereby irrevocably consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of any proceeding to enforce or secure compliance with the terms of this Protective Order, or to punish the breach of any of the terms of this Protective Order. I understand that I may be found in contempt of court if I violate this Agreement.

6. I understand and agree that my obligations under this Certification and Agreement and the Protective Order will survive and continue beyond the termination of the Action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____
Signature

_____
Printed Name